David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. | P.O. Box 323
Southampton, NY 11969
631.287.5520 | DavidLopezEsq@aol.com

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. # 2A
New York NY 10075
323.790.4881 | MiriamTauberLaw@gmail.com

James A. Hunter, Esq. (JH-1910)
HUNTER & KMIEC
255 W. 94th St. # 10M
New York NY 10025
646.666.0122 | hunter@hunterkmiec.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK RUBENSTEIN, DEBORAH DONOGHUE, and DONNA HUNTER,<br><br>Plaintiffs,<br><br>v.<br><br>IMAX CORP.,<br><br>Nominal Defendant,<br><br>and<br><br>ROBERT LISTER, and MARK WELTON,<br><br>Defendants. | No. 20-3961<br>(ECF Case)<br><br>**COMPLAINT**<br>**FOR RECOVERY OF**<br>**SHORT SWING PROFITS**<br>**UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**THE PLAINTIFFS**, by their undersigned attorneys, complaining of the Defendants, respectfully allege the following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

1

**THE PARTIES AND VENUE:**

2. Plaintiffs are security owners of IMAX CORP. ("IMAX"), a Canadian corporation, with principal offices and domicile at 2525 Speakman Drive, Mississauga, Ontario, CANADA L5K 1B1.

3. At all times relevant, the common stock of IMAX was registered under Section 12 of the ACT and was and is traded on the New York Stock Exchange located within this District (stock ticker: IMAX). One or more sale transactions pled herein for each of the Defendants took place through the facilities of the New York Stock Exchange within this District conferring venue upon this Court.

4. This action is brought in the right and for the benefit of IMAX, which is named as Nominal Defendant solely in order to have all necessary parties before the Court.

5. At all times relevant, Defendants ROBERT LISTER ("LISTER"), and MARK WELTON ("WELTON"; collectively the "DEFENDANTS"), were officers and/or directors of IMAX, and thereby so-called 'insiders' as that term is understood within the meaning of Section 16(b) of the ACT.

6. The DEFENDANTS all have offices or are found c/o IMAX, 2525 Speakman Drive, Mississauga, Ontario, CANADA L5K 1B1.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

8. Demands for prosecution were made by each of the Plaintiffs on IMAX (with respect to each of the DEFENDANTS) on March 18, 2020. By letter dated May 15, 2020, counsel for IMAX informed the Plaintiffs that IMAX did not intend to pursue the Section 16(b) claim

identified by the Plaintiffs. More than 60 days have expired with respect to the Plaintiffs' demands, and IMAX has not recovered any of the profits at issue. Further delay in the initiation of suit would be a futile gesture.

9. This action is brought within two years of the occurrence of the violations to be described herein, or within two years of the time when reports required by 15 U.S.C § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**AVERMENTS COMMON TO ALL CLAIMS FOR RELIEF:**

10. The Plaintiffs' claims against the DEFENDANTS have a common source of liability, the sale by the DEFENDANTS into the public markets of shares of common stock of IMAX in order to generate funds to meet the employee portion of their respective Federal Income Tax withholding obligations, which became due upon settlement of restricted share units ("RSU's") granted to the DEFENDANTS under IMAX's equity incentive plan. The funding of such "withholding" may be accomplished without liability by compliance with SEC Rule 16b-3(e), i.e., by having the issuer (IMAX) itself withhold funds or shares of equivalent value from the employee, but once a plan participant (the DEFENDANTS) enters the public markets to sell and generate cash at the expense of the general public, the participant is capable of utilizing inside information to control the timing of the sale, and is presented with the opportunity for speculative abuse that the statute was designed to prevent. Such sales are within the statutory proscription and short swing profits generated from the sales are subject to recovery.

**FIRST CLAIM FOR RELIEF:**

11. LISTER engaged in the following purchases and sales of IMAX common stock:

| Date | Transaction | Number of Shares | Price/Share |
|---|---|---|---|
| Mar. 9, 2020 | Sale (to satisfy tax withholding obligations in connection with RSU settlement) | 21,626 | $14.1817 |
| Mar. 17, 2020 | Purchase | 5,000 | $8.0849 |

12. The foregoing purchases and sales within periods of less than six months while LISTER was an insider of IMAX generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiffs but estimated to approximate $30,484. The precise amount to be recovered will be determined through discovery and an accounting.

**SECOND CLAIM FOR RELIEF:**

13. WELTON engaged in the following purchases and sales of IMAX common stock:

| Date | Transaction | Number of Shares | Price/Share |
|---|---|---|---|
| Dec. 2, 2019 | Sale (to satisfy tax withholding obligations in connection with delivery of shares upon conversion of RSU) | 2,831 | $21.2453 |
| Mar. 9, 2020 | Sale (to satisfy tax withholding obligations in connection with delivery of shares upon conversion of RSU) | 12,302 | $14.1817 |
| Mar. 17, 2020 | Purchase | 5,000 | $7.417 |

14. The foregoing purchases and sales within periods of less than six months while WELTON was an insider of IMAX generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiffs but estimated to approximate $84,304. The precise amount to be recovered will be determined through discovery and an accounting.

**THIRD CLAIM FOR RELIEF:**

15. This Third Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

16. The DEFENDANTS and each of them, acting severally during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold (or sold and purchased) equity securities (or equity security equivalents) of IMAX within periods of less than six months, while officers and/or directors of IMAX, including but not limited to the transactions pleaded in the First and Second Claims For Relief.

17. By reason of such purchases and sales (or sales and purchases) of IMAX equity securities (or equity security equivalents) within periods of less than six months, while insiders of IMAX, the DEFENDANTS severally realized profits, the exact amounts thereof being unknown to PLAINTIFFS, which profits inure to the benefit, and are recoverable by the Plaintiffs on behalf, of IMAX.

**WHEREFORE**, PLAINTIFFS demand judgment:

a) Requiring LISTER and WELTON each severally to account for and to pay over to IMAX the short swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements including reasonable attorneys', accountants, and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:   Southampton, New York
         May 21, 2020

Yours, etc.

| *s/ David Lopez* | *s/ Miriam Tauber* | *s/ James Hunter* |
|---|---|---|
| David Lopez (DL-6779) | Miriam Tauber (MT-1979) | James Hunter (JH-1910) |
| LAW OFFICES OF DAVID LOPEZ | MIRIAM TAUBER LAW PLLC | HUNTER & KMIEC |

*Attorneys for Plaintiffs*